UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE JOAQUIN PENA, | ) | CASE NO. 4:10 CV2405 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RODDIE RUSHING, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Jose Joaquin Pena filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Mr. Pena, who was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio when he filed this petition, names N.E.O.C.C. Warden Roddy Rushing as respondent. Petitioner claims he has an Eighth Amendment right to avoid punishment as a "detainee awaiting trial." (2241 Form, at ¶14, a.)

*Background*

Mr. Pena was indicted on charges of conspiracy to import heroin in violation of 21 U.S.C. §§963, 960(A)(1) & 960(B)(2)(A). *See United States v. Pena*, No. CR-08-912 (E.D. NY 2008). The attachments to his petition indicate he was held at the Metropolitan Detention Center (MDC) in Brooklyn, New York after his arrest on the charges.

On February 15, 2009, a staff member at MDC Brooklyn was conducting a shake down of Cell J05-702U. A home weapon was discovered underneath the locker closest to the door. The weapon was a six inch toothbrush sharpened to a point on one end. The locker in which the weapon was found was assigned to Mr. Pena. An incident report was issued and charged Mr. Pena with possession of a weapon, a Code 104 violation. When a copy of the report was delivered to Mr. Pena, he denied ownership of the weapon. He added that he was scheduled to see his mother for the first time in three months on Friday, February 20, 2009, and would not jeopardize that opportunity. The Unit Disciplinary Committee (UDC) recommended a referral to the Disciplinary Hearing Officer (DHO) based on the severity of the charge. He was placed in administrative detention.

At the DHO hearing on March 6, 2009, Mr. Pena's due process rights were read and reviewed with him by the DHO. He waived his right to a staff representative. In his defense, Mr. Pena denied the charges and stated his cell mate told him the previous owner of the locker was a "troublemaker" and suggested petitioner check the locker when he moved in, which he stated they did together. Inmate Hernandez was requested as a witness by Mr. Pena, but could not personally testify because no staff member was available to bring him to the hearing. However, the witness's statement was provided to the DHO. Mr. Hernandez stated he had been in the cell for 8 months, while Mr. Pena was there for 2 months. He noted the locker was "closet [sic] to the window of the cell. I do not know what they found. I do not know anything." (Inc. Rpt. ¶ III, C., 3.)

In addition to the witness's statement and the reporting officer's statement in the incident report, the DHO relied on a photograph of the weapon that was found in the locker. He determined the greater weight of evidence supported a finding that Mr. Pena committed the prohibited act. The DHO imposed 40 days disciplinary segregation, 200 days loss of visitation and

commissary, and 40 days loss of Good Conduct Time (when available) as the appropriate sanction for a Code 104 violation. A copy of the decision was delivered to Mr. Pena on March 11, 2009, and he was advised of his right to appeal within 20 calendar days. A copy of an Inmate Request to Staff was completed by Mr. Pena on September 8, 2010, and submitted to the staff at Northeast Ohio Correctional Center (N.E.O.C.C.) Mr. Pena requested an adjustment of his release date to reflect the reinstatement of 40 days Good Conduct Time. He complained that the Eighth Amendment prohibited the punishment of pretrial detainees and that the forfeiture of 40 days unaccrued Good Conduct Time constituted punishment. The Bureau of Prisons denied his request on September 20, 2010.

*Analysis*

Mr. Pena asserts the Due Process Clause protected him against any punishment as a pre-trial detainee. Citing "*Beel* [sic] *v. Wolfish*, 411 U.S. 520," he maintains he was entitled to the presumption of innocence until he was convicted of a crime. As such, he believes his constitutional rights were violated when the BOP forfeited 40 days of his yet to be earned Good Conduct Time.

28 U.S.C. § 2241

An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). As Mr. Pena's sentence is being executed at N.E.O.C.C. in Ohio, and the Northern District Court of New York has jurisdiction over these prison officials, Mr. Pena's motion is properly filed as a § 2241 petition in this court. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir.1977).

Pre-sentence Detainee - Punishment

Mr. Pena is attacking sanctions imposed prior to his criminal conviction, as a result of finding a weapon in a locker assigned to him. He claims any sanction imposed by the BOP prior to the imposition of his sentence is invalid. This is not so. Although pretrial detainees may not be punished by prison officials for the crime that led to their detention, *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979), they may be disciplined or punished for misconduct they commit in prison while awaiting either trial or sentencing. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir.1996); *Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 317 (1st Cir.1995). "In other words, reasonable punishment may be imposed to enforce reasonable prison disciplinary requirements but may not be imposed to sanction prior unproven criminal conduct." *Collazo-Leon*, 51 F.3d at 318. Imposing sanctions on a pretrial detainee for misconduct committed during his incarceration "is nevertheless constitutional if it also serves some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation." *Bell*, 441 U.S. at 538-39.

It is a legitimate governmental objective to maintain safety, internal order, and security within the penal institution. *Bell*, 441 U.S. at 540. "The administrators of the prison must be free ... to sanction the prison's pretrial detainees for infractions of reasonable prison regulations that address concerns of safety and security within the detention environment." *Collazo-Leon*, 51 F.3d at 318. Prohibiting the use of weapons by a prison inmate is a reasonable prohibition designed to maintain safety and, as such, is rationally related to the legitimate governmental objectives of public safety and institutional security. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also* 28 C.F.R. § 541.13, Table 3, Code 109.

While pretrial detainees do not automatically earn good time credit, it may be

recommended for the time spent in pretrial custody. 28 C.F.R. § 523.17(1); *United States v. Payton*, 159 F.3d 49, 61 (2d Cir.1998). "[T]his recommendation shall be considered in the event that the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status." 28 C.F.R. § 523.17( 1 ). However, if "the [BOP] determines that, during that year, the prisoner had not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate." 18 U.S.C. § 3624(b)(1). Thus, as a pretrial detainee, petitioner was eligible to be awarded up to 54 days of good time credit annually, provided he was later sentenced to a prison term exceeding one year on the offense and he satisfactorily complied with institutional regulations. 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.17( 1 ).

Due to his disciplinary violation, Mr. Pena was not awarded the maximum amount of Good Conduct Time he could have received. Because federal presentence detainees may be punished for prison misconduct by disallowing Good Conduct Time, Mr. Pena cannot argue that the BOP has failed to properly execute his sentence. Therefore, the instant petition seeking restoration of 40 days lacks merit and must be denied.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/24/11